

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Joab Campbell
County Attorney, Schleicher County
Eldorado, Texas

Dear Sir:

> Opinion No. O-1528
> Re: Is it necessary in order to sustain a
> conviction under Sec. 4, Art. 870a-4,
> P. C., to allege and prove that the
> gun or shotgun was larger than a ten-
> gauge?

This will acknowledge receipt of your inquiry as stated above.

We quote the entire section of the Act under consideration:

> "Sec. 4. It shall be unlawful to hunt or
> shoot mourning doves, white-winged doves, or
> any migratory bird, or any other game bird of
> this State with a shotgun larger than ten-gauge
> and that is capable of holding more than three
> (3) shells at one loading, including the shell
> that may be held in the chamber of such gun,
> and providing that if a magazine-loading gun is
> used and the magazine of such gun would other-
> wise hold more than two (2) shells, before such
> gun is used it shall be permanently plugged so
> that such magazine will be rendered incapable
> of holding more than two (2) shells." (Under-
> scoring ours)

It is our opinion that this statute is severable.
The first portion thereof prohibits the hunting or shoot-
ing of migratory birds or game birds with "a shotgun
larger than ten-gauge and that is capable of holding more
than three shells at one loading", etc. The next clause,

Hon. Joab Campbell, page 2

"and providing that if a magazine-loading gun is used and the magazine of such gun would otherwise hold more than two (2) shells, before such gun is used it shall be permanently plugged", etc., provides another distinct statutory prohibition.

In other words, it is made unlawful "to hunt or shoot mourning doves, white-winged doves, or any migratory bird, or any other game bird of this State with a shotgun larger than ten-gauge and that is capable of holding more than three (3) shells at one loading, including the shell that may be held in the chamber of such gun" whether said gun is a magazine-loading gun or not. It is further made unlawful to use any "magazine-loading" gun which has not been properly plugged in compliance with the statute.

It is also our opinion that it would be necessary to allege and prove use of a gun or shotgun larger than ten-gauge for successful prosecution of any offender not using a "magazine-loading" gun but such allegation and proof would not be essential if such a "magazine-loading" gun be used.

In examining the entire Act of which Section 4 of Article 879a-4 is a part (H.B. 31, ch. 17, p. 1887, Acts 45th Leg., 2d C.S.) we find reference in the emergency clause, same being Sec. 7 of the bill, to the Federal regulations and the intent of the Legislature to avoid conflict therewith is apparent.

We point out that Regulation 3 of the United States Department of the Interior Bureau of Biological Survey reads as follows:

"Regulations 3.- Means by which migratory game birds may be taken.

"The migratory game birds on which open seasons are specified in Regulation 4 of these regulations may be taken during such respective open seasons with bow and arrow or with a shotgun not larger than No. 10 gauge fired from the shoulder, except as permitted by regulations 7,8,9 and 10 of these regulations, but they shall not be taken

Hon. Joab Campbell, page 3

  with or by means of any automatic-loading or
hand-operated repeating shotgun capable of hold-
ing more than three shells, the magazine of
which has not been cut off or plugged with a
one-piece metal or wooden filler incapable of
removal through the loading end thereof, so as
to reduce the capacity of said gun to not more
than three shells at one time in the magazine
and chamber combined: * * * "

  Trusting that the above satisfactorily answers
your inquiry, we are

         Yours very truly

       ATTORNEY GENERAL OF TEXAS

       By _Benjamin Woodall_
         Benjamin Woodall

BW:ob APPROVED OCT 6, 1939

_Robert E. Kepke_
Acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _Burs_
CHAIRMAN